# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| REGIONS BANK DBA REGIONS MORTGAGE, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:22-cv-00743 |
| v. | § § | |
| DAVID ANDREW FERNANDEZ; DARYL ANDREW FERNANDEZ; CAROLYN FERNANDEZ MONTGOMERY; and JUDY LYNN FERNANDEZ POMFREY, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Regions Bank dba Regions Mortgage ("Plaintiff or "Regions") files this its *Original Complaint* against Defendants David Andrew Fernandez, Daryl Andrew Fernandez, Carolyn Fernandez Montgomery and Judy Lynn Fernandez Pomfrey and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Allen Raymond Fernandez ("Decedent") was a borrower under the below-described loan agreement at issue in this action. Decedent died on or about November 17, 2020. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at

law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the subject real property, immediately upon Decedent's death. Each Heir is made a party in this proceeding.

4. Defendant David Andrew Fernandez is an alleged heir and brother of Decedent at the time of his death. Defendant David Andrew Fernandez is a citizen of the state of Louisiana, and may be served with process at 12316 Parma Circle, Covington, LA 70433 or at any other place where he may be found. Summons is requested.

5. Defendant Daryl Andrew Fernandez is an alleged heir and brother of Decedent at the time of his death. Defendant Daryl Andrew Fernandez is a citizen of the state of Texas, and may be served with process at 5049 Inwood Drive, Waco, TX 76711 or at any other place where he may be found. Summons is requested.

6. Defendant Carolyn Fernandez Montgomery is an alleged heir and sister of Decedent at the time of his death. Defendant Carolyn Fernandez Montgomery is a citizen of the state of Louisiana, and may be served with process at 7019 Lake Kenilworth Drive, Apt. 222, New Orleans, LA 70126 or at any other place where she may be found. Summons is requested.

7. Defendant Judy Lynn Fernandez Pomfrey is an alleged heir and sister of Decedent at the time of his death. Defendant Judy Lynn Fernandez Pomfrey is a citizen of the state of Texas, and may be served with process at 3501 Kenwood Street, Waco, TX 76706 or at any other place where he may be found. Summons is requested.

## II.    PROPERTY

8. This proceeding concerns the real property and improvements commonly known as 5049 Inwood Drive, Waco, TX 76711 (the "Property") and more particularly described as follows:

LOT 31, BLOCK D, SOUTHERN GUARANTY SUBDIVISION, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 275, PAGE(S) 310, OF THE DEED RECORDS OF MCLENNAN COUNTY, TEXAS.

### III.     DIVERSITY JURISDICTION AND VENUE

9.     Defendants are citizens of Texas and Louisiana as set forth above.

10.     For purposes of establishing diversity jurisdiction, a corporation shall be deemed a citizen of every state where it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Regions is an Alabama corporation with its principal place of business in Alabama. Thus, for diversity purposes, Regions is a citizen of Alabama.

11.     In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

12.     When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13.     Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either

the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The McLennan County Appraisal District values the Property at $127,510.00.

14. Jurisdiction and venue are properly in this district and division, the United District Court for the Western District of Texas, Waco Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### IV.   FACTS

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. On or about January 23, 2006, Nancy Gail Denena Milligan, individually and as independent executrix of the Estate of the James Anthony Denena, Deceased conveyed and transferred the Property to Decedent via a *General Warranty Deed with Vendor's Lien in favor of Third Party*, which was recorded in the official public records of McLennan County, Texas, as Document No. 2006002655, on January 25, 2006. A true and correct copy of the deed is attached hereto as **Exhibit A**.

17. On or about January 23, 2006, Decedent executed a *Note* in the principal amount of $51,120.00 (the "Note"), originally payable to Lakeside Lending, Ltd. ("Lakeside"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

18. Concurrently with the execution of the Note, Decedent executed a *Deed of Trust* ("Deed of Trust" and together with the Note, the "Loan"), as grantor, granting Lakeside its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of McLennan County, Texas, as Document No. 2006002656, on January 25, 2006. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**.

19. Under the terms of the Loan, Decedent was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

20. The Loan further provides that should Decedent fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

21. Regions is the owner and holder of the Note and the beneficiary of the Deed of Trust.

22. The Loan is in default as a result of Borrowers' failure to make the June 15, 2021 payment and all subsequent payments. A *Notice of Default* ("Notice of Default") was sent in accordance with the Loan and the Texas Property Code on September 22, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

23. On or about November 17, 2020, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan debt owed to Plaintiff.

24. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## CAUSES OF ACTION

**A. DECLARATORY JUDGMENT**

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this

Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

## B. ENFORCEMENT OF STATUTORY PROBATE LIEN

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

29. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest

in the Property. Because of a material breach of the Loan, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.     NON-JUDICIAL FORECLOSURE

30.     The foregoing paragraphs are incorporated by reference for all purposes.

31.     Because of a material breach of the Loan, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedents' debts.

32.     Because of the material breach of the Loan, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### D.     JUDICIAL FORECLOSURE

33.     The foregoing paragraphs are incorporated by reference for all purposes.

34.     In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

35. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Dallas County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt.

**E. ATTORNEYS FEES**

36. Because of the material breach of the Loan, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendant but only as an additional debt secured by the Deed of Trust.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**